People v Frias (2020 NY Slip Op 00876)





People v Frias


2020 NY Slip Op 00876


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2018-06763
 (Ind. No. 4040/14)

[*1]The People of the State of New York, respondent,
v
Mario Frias, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Thomas M. Ross of counsel; Isaac Belenkiy on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), imposed February 13, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid (see People v Thomas, _____ NY3d _____, 2019 NY Slip Op 08545 [2019]; People v Bradshaw, 18 NY3d 257, 265). The Supreme Court's statement to the defendant that by signing the written waiver of the right to appeal, the defendant was giving up his right to appeal "any issue that may arise from this case, including sentencing," suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Thomas, _____ NY3d at _____, 2019 NY Slip Op 08545, *7), and the written waiver form did not overcome the ambiguities in the court's explanation of the right to appeal as it did not contain clarifying language that appellate review remained available for select issues (see People v Thomas, ______ NY3d at _____, 2019 NY Slip Op 08545, *7). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715, 715).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LEVENTHAL, MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court